UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TOMAS DAVALOS MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-00189 |
| | § | |
| CITY OF ALTON, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## OPINION

The Court now considers the City of Alton, Texas's ("Defendant") motion for summary judgment.[1] After duly considering the record and relevant authorities, the Court **GRANTS** the motion.

### I. BACKGROUND

Tomas Davalos Martinez ("Plaintiff") brings an excessive force claim against Defendant for the actions of police officer Jason Salinas ("Salinas")—Defendant's employee.[2] The available evidence indicates Salinas was stationed at a four-way stop when he observed Plaintiff's failure to make a complete stop.[3] Salinas pulled Plaintiff over, approached Plaintiff's window, and noticed that Plaintiff's car was still running.[4] Salinas advised Plaintiff of the basis for the stop, and requested Plaintiff's driver's license and proof of insurance.[5] Plaintiff "became irate and began yelling he did make a stop."[6]

---

[1] Dkt. No. 12.
[2] Dkt. No. 1 pp. 2–3.
[3] Dkt. No. 12-1 p. 2; Dkt. No. 12-1 p. 6.
[4] Dkt. No. 12-1 p. 2; Dkt. No. 12-1 p. 6.
[5] Dkt. No. 12-1 p. 2; Dkt. No. 12-1 p. 6.
[6] Dkt. No. 12-1 p. 2; *see also* Dkt. No. 12-1 p. 6.

Plaintiff refused to provide his driver's license despite Salinas's continual orders to produce it.[7] In light of Plaintiff's still-running vehicle, as well as his aggressive behavior, Salinas "became concerned of the driver attempting to flee,"[8] and ordered Plaintiff to step out of the vehicle four times. Plaintiff refused all four times.[9] Salinas then opened Plaintiff's door and attempted to extract Plaintiff.[10] Plaintiff stiffened his body and grabbed his seat to prevent this, but Salinas was eventually successful.[11] After being extracted, Plaintiff allegedly began pushing Salinas into the roadway where traffic was passing by.[12] Salinas then attempted to handcuff Plaintiff.[13]

To prevent being handcuffed, Plaintiff stiffened his arms and tucked them under his chest.[14] Plaintiff placed his leg behind Salinas's leg.[15] "For fear of being tripped," Salinas twisted his "body while holding onto the driver and guided him to the ground. During the process [Salinas] observed the driver hit the left side of [Plaintiff's] face on the asphalt."[16] Plaintiff still hid his arms under his chest to prevent being handcuffed, and Salinas placed his knee on Plaintiff's back to effectuate the arrest.[17] Plaintiff refused to walk with Salinas to the police vehicle.[18] He eventually "relented and sat in the vehicle but refused to place his legs in the vehicle."[19] Salinas "observed the driver to have a swollen left cheek" which was "bleeding," and

---

[7] Dkt. No. 12-1 p. 2; Dkt. No. 12-1 p. 6.
[8] Dkt. No. 12-1 p. 2.
[9] Dkt. No. 12-1 p. 2; Dkt. No. 12-1 p. 6.
[10] Dkt. No. 12-1 p. 2; *see also* Dkt. No. 12-1 p. 6.
[11] Dkt. No. 12-1 p. 2; Dkt. No. 12-1 p. 6.
[12] Dkt. No. 12-1 p. 2; *see also* Dkt. No. 12-1 p. 6.
[13] Dkt. No. 12-1 p. 2; Dkt. No. 12-1 p. 6.
[14] Dkt. No. 12-1 p. 2; Dkt. No. 12-1 p. 6.
[15] Dkt. No. 12-1 p. 2; Dkt. No. 12-1 p. 6.
[16] Dkt. No. 12-1 p. 2; *see also* Dkt. No. 12-1 p. 6.
[17] Dkt. No. 12-1 p. 2.
[18] *Id.*
[19] *Id.*

thus "advised dispatch to have EMS [on] standby . . . in order to provide the driver with medical attention."[20]

Plaintiff sued Defendant for excessive force in federal court.[21] Defendant filed the instant motion for summary judgment,[22] and Plaintiff never responded, rendering the motion unopposed[23] and ripe for review. The Court now turns to its analysis.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] A fact is material "if its resolution could affect the outcome of the action,"[25] while a genuine dispute is present "only if a reasonable jury could return a verdict for the non-movant."[26] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[27]

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[28] but is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[29] The non-movant must then affirmatively demonstrate the existence of a genuine issue of material fact.[30] This demonstration must specifically indicate facts and their

---

[20] *Id.*; *see also* Dkt. No. 12-1 p. 6.
[21] Dkt. No. 1.
[22] Dkt. No. 12.
[23] *See* L.R. 7.3–7.4 of the Local Rules of the Southern District of Texas.
[24] Fed. R. Civ. P. 56(a).
[25] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[26] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[28] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[29] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[30] *See Celotex Corp.*, 477 U.S. at 323.

significance,[31] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation[.]"[32]

In conducting its analysis, the Court may consider evidence from the entire record, viewed in the light most favorable to the non-movant.[33] Rather than combing through the record on its own, however, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[34] Parties may cite to any part of the record, or bring evidence in the motion and response.[35] By either method, parties need not proffer evidence in a form admissible at trial,[36] but must proffer evidence substantively admissible at trial.[37]

### III.    ANALYSIS

Plaintiff's excessive force claim brought against Defendant via 42 U.S.C. §1983 fails for two reasons. *First*, it fails because Plaintiff did not respond to the instant motion, and has thus failed to supply any evidence to support the essential elements of his underlying excessive force claim. *Second*, Plaintiff's excessive force claim—even if it was valid as against Salinas—could not properly be brought against Defendant. Plaintiff's complaint sets forth two distinct theories of liability imputation under §1983. The first is a custom/policy theory by which Defendant may be held responsible for Salinas's action because Salinas was merely acting pursuant to Defendant's dictates. The second is a failure to train/supervise theory. Both theories fail for the same reason—a complete lack of evidence.

---

[31] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[32] *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[33] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[34] *See* Fed. R. Civ. P. 56(e).
[35] *See* Fed. R. Civ. P. 56(c).
[36] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[37] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy [her] burden of proof must be competent and admissible at trial.").

A. *Excessive Force*

A claim for excessive force derives from the Fourth Amendment, and has three essential elements: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force . . . was objectively unreasonable."[38] This analysis is extremely fact intensive.[39] When considering the objective reasonableness of the use of excessive force, courts must consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[40]

Here, the first element is satisfied because Defendant admits that Plaintiff suffered injuries to his face. However, Plaintiff has failed to submit any evidence from which the Court could reasonably infer objectively unreasonable excessive force. Rather, Defendant's evidence generally indicates that Plaintiff was obstinate, refused to comply with Salinas's reasonable orders, resisted arrest, and even endangered Salinas by pushing him into oncoming traffic. In light of these facts—and that they are the *only* facts presented—Plaintiff has failed to satisfy the second and third essential elements of his excessive force claim.

B. *Custom or Policy*

Even if Plaintiff had submitted evidence supporting his excessive force claim, any liability arising from it could not be imputed from Salinas to Defendant via § 1983. Respondeat superior "does not apply to § 1983 actions."[41] Thus, "[l]ocal governments are responsible only for their own illegal acts."[42] A plaintiff attempting to successfully sue a municipality via § 1983

---

[38] *James v. City of W. Columbia*, 2018 WL 1033253, at *4 (S.D. Tex. Feb. 21, 2018) (quoting *Bush v. Strain*, 513 F.3d 492, 500–01 (5th Cir. 2008)).

[39] *Bush*, 513 F.3d at 501.

[40] *See e.g., Graham v. Connor*, 490 U.S. 386, 396 (U.S. 1989).

[41] *Deal v. City of Fort Worth, Texas*, 2016 WL 6806237, at *2 (N.D. Tex. Nov. 16, 2016) (citing *Monell v. New York City Dep't of Soc. Serys.*, 436 U.S. 658, 691 (1978)).

[42] *Deal*, 2016 WL 6806237, at *2 (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)).

must establish: "(1) an official policy (2) promulgated by the municipal policymaker (3) [that] was the moving force behind the violation of a constitutional right."[43] Here, Plaintiff has failed to set forth any evidence supporting these three elements. Thus, Plaintiff's attempt to impute liability from Salinas to Defendant via § 1983 fails.

### C.    *Failure to Train or Supervise*

Section 1983 also provides for municipal liability if the municipal defendant *fails* to adopt and implement policies in a manner evincing deliberate indifference to the claimant's constitutional rights.[44] This type of municipal liability is rare.[45] A plaintiff hoping to establish it must prove "(1) that the highly predictable consequence of not training or supervising the officer was that the officer would violate the Constitution; and (2) that this failure to train or provide supervision was the moving force that had a specific causal connection to the constitutional injury."[46] Importantly, "[c]laims of inadequate training generally require that the plaintiff demonstrate a pattern of conduct."[47] A plaintiff must prove that state legal minimum training is *itself* inadequate when the state officer in question received state minimum training.[48]

Here, Plaintiff has failed to present any evidence supporting the first and second elements of his failure to train or supervise theory. Moreover, Plaintiff has failed to submit any evidence demonstrating any particular pattern of conduct by Defendant. Defendant has supplied evidence that Salinas received state-minimum police training,[49] and Plaintiff has not produced evidence

---

[43] *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018).

[44] *See Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 841 (S.D. Tex. 2011) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

[45] *Thomas*, 800 F. Supp. 2d 826, 841 ("[M]unicipalities are not normally liable for inadequate training of employees . . . .").

[46] *Id.* (citing *Brown v. Bryan County, OK*, 219 F.3d 450, 461 (5th Cir. 2000)).

[47] *Thomas*, 800 F. Supp. 2d at 841 (citing *Sanders–Burns v. City Of Plano*, 594 F.3d 366, 382 (5th Cir. 2010)).

[48] *Sanders–Burns*, 594 F.3d at 382.

[49] *See* Dkt. No. 12-2 pp. 33–42; Dkt. No. 12-4 p. 8.

that Texas requirements are somehow inherently deficient. Thus, Plaintiff's failure to train or supervise theory also fails.

IV.    HOLDING

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's excessive force claim against Defendant is **DISMISSED WITH PREJUDICE**. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of March, 2018.

_____
Micaela Alvarez
United States District Judge